In re Reggie G. SKAINS.

In re RGS CONSTRUCTION CO., INC.

Bankruptcy Nos. 584–00085–M,
584–00084–M.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Aug. 1, 1984.

Henry G. Hobbs, Jr., Shreveport, La., for Colonial Bank.

Harold W. Aswell, Farmerville, La., for debtors.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

Both of the debtors in the above captioned cases filed for relief under Chapter 11 of the Bankruptcy Code on July 11, 1984. The Colonial Bank filed a Proof of Claim in both cases on April 12, 1984, in the amount of One Hundred Fifty Nine Thousand One and 83/100 ($159,001.83) Dollars. On April 18, 1984, Colonial Bank filed a Motion to Modify Stay seeking relief from the automatic stay with respect to an executory process proceeding instituted in the State Court in Union Parish by Colonial Bank which seeks to enforce its mortgage on 79 acres of real estate owned by Reggie G. Skains given to secure a debt owed by RGS Construction Co., Inc.

The Colonial Bank's secured claim is based upon the balance of *principal, interest,* and *attorney fees* due on a promissory note dated January 21, 1982, in the original amount of One Hundred Thousand and No/100 ($100,000.00) Dollars due on demand or if no demand is made then April 21, 1982, this note was made payable to the order of Colonial Bank and was executed by RGS, Reggie G. Skains as President. This note was personally endorsed by Reggie G. Skains. This note was secured, among other things, by an Act of collateral pledge dated January 21, 1982, by which Skains pledged on collateral mortgage note dated January 21, 1982, in the principal amount of One hundred Fifty Thousand and No/100 ($150,000) Dollars payable to the order of bearer which note was paraphed for identification with an act of col-

lateral mortgage executed by Skains and recorded under Registry Number 201,521 in the Mortgage Book 156, Page 1 of the Records of Union Parish, Louisiana. This collateral mortgage package was pledged to secure the note. This mortgage covers the 79 acres of immovable property that is at issue in this motion to lift the stay.

Reggie G. Skains and RGS failed to pay the Note when it became due in April of 1982, and the Colonial Bank instituted executory process proceedings to foreclose on the real estate in Union Parish, Louisiana. After amending the Petition of Executory Process and after several attempts at negotiation of a settlement of this matter, a judicial sale was held in November of 1982, at which the property was "bid in" by D'Arbonne Tractor and Equipment Company, Inc. (hereinafter referred to as D'Arbonne"). D'Arbonne was a corporation which Mr. Skains was one of the two principal shareholders. However, D'Arbonne failed to pay the bid price within thirty days of the Sheriff's sale. The Colonial Bank then proceeded to attempt to readvertise the property to conduct another Sheriff's sale. On January 13, 1983, D'Arbonne filed for relief under Chapter 11 of the Bankruptcy Code in order to attempt to preserve its "alleged interest" in and to the real estate. D'Arbonne claimed that it acquired an inchoate right to the real estate even though it never paid for it. The only listed asset in the D'Arbonne Chapter 11 Bankruptcy was the "alleged right" to the real estate and its only listed debt was the bill price of the Sheriff's sale. After litigation in this matter this Court dismissed the Chapter 11 case of D'Arbonne Tractor and Equipment Company, Inc. by an order signed and filed on July 26, 1983. The D'Arbonne Chapter 11 Reorganization case was a clear abuse of the bankruptcy laws, and frankly left a bad taste with this Court.

After dismissal of the D'Arbonne Chapter 11 Reorganization case, the ownership of the property was still vested in Skains. The bank again attempted to foreclose on the property by state court proceedings after D'Arbonne's Chapter 11 case was dismissed. A Sheriff's sale was scheduled for January 18, 1984, at 10:00 a.m. However, RGS Construction Company, Inc. and Reggie G. Skains both filed for relief under Chapter 11 as noted above on January 17, 1984, thus preventing the sale.

The Colonial Bank filed the present motion before the Court to lift stay on the property alleging that there is no equity in the property and the property is not needed for reorganization.

In D'Arbonne's schedules the real estate was listed as having a value of Eighty Five Thousand and No/100 ($85,000.00) Dollars. At the hearing on Colonial Bank's Motion to Modify the Stay, the Bank's attorney introduced into evidence a copy of an appraisal of the real estate as of September 30, 1983, by James G. Aycock, Appraiser. This appraisal was made at the request of the Bank prior to the last attempted sheriff's sale. The estimated market value of real estate according to Mr. Aycock was One Hundred Fifty-Eight Thousand and No/100 ($158,000.00) Dollars. Mr. Skains listed the market value of this real estate in his schedules as One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars.

The Colonial Bank introduced evidence that as of May 8, 1984, the debtors owed the Bank $99,750.00 in principal and $29,-507.96 in interest. The note and mortgage held by the Bank provides for twenty-five per cent (25%) of the principal and interest due as attorney's fees for foreclosure. In this matter the Colonial Bank has paid the law firm of Anderson, McNulty, O'Connor and Stakelum the amount of $4,629.10. Also in this matter the law firm of Weems, Abney, Wright, Adams and Medlin have been paid by the Colonial Bank in the amount of $3,136.50 to date and have performed services for the Bank which have not yet been paid the amount of $15,625.00.

The following calculation shows that there is no equity in the property:

| | | |
|---|---|---|
| Estimated Value: | | $150,000.00 |
| Debt Owed to Mortgage Holder (Colonial Bank): | | |
| (1) Principal: | $99,750.00 | |
| (2) Interest: | 29,507.96 | |

502

(3) Attorney Fees:  $ 4,629.10
                     3,136.50
                    15,625.00
Total Debt on Property:     ($152,648.56)
Equity In Property:           ($2,648.56)

The debtor, RGS Construction Co., Inc. is in the business of seeding and sodding. This work is done mostly on state highways and river banks. The debtor stores equipment on this property in question and he also cuts hay from the property to place on the newly seeded ground to keep the seed from washing away. However, the Court concludes that is not necessary for an effective reorganization that the debtor store his equipment on this property or that the debtor obtain hay from the property. The debtor can rent space to store his equipment and the debtor can purchase hay from the market.

### CONCLUSIONS OF LAW

Relief from the automatic stay of 11 U.S.C., Section 362(a) is governed by 11 U.S.C. 362(d)(1) and (2) which state:

"(d) On request of a party in interest and hearing, the Court shall grant relief from the stay provided under subsection (c) of this section, such as by terminating, annulling, modifying, or conditioning such stay——

(1) for cause, including the lack of a definite protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity on such property; and

(B) such property is not necessary to an effective reorganization."

The burden of proof with respect to relief from the stay is set forth in 11 U.S.C. Section 362(g);

"(g) In any hearing under subsection (d) and (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

As stated in the Findings of Fact the Court has found that there is no equity in the property. Should the value of the property be adjusted slightly up then there would be little equity available. The law has never meant that there must be absolutely no equity in property, because the secured creditor needs some cushion in order to pay the costs of foreclosure in state court.

The Court also found that the property is not needed for an effective reorganization.

The Court is aware that Mr. Skains has misused the bankruptcy law once before to stop Colonial Bank from foreclosing on the property in question. The Colonial Bank is not adequately protected, there is no equity in the property, and the property is not needed for an effective reorganization.

Therefore the Court grants the Colonial Bank its request for relief from the automatic stay under 11 U.S.C., Section 362 and allowing the Bank to foreclose on the real estate, in question herein, which is owned by Reggie G. Skains.